

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Elaine K. Lou*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 645-2747
Facsimile:  (973) 645-3316

August 5, 2019

**VIA ECF**

Honorable Kevin McNulty
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

>    Re:   United States v. Jesse Tullies, et al.
>          Crim. No. 18-21 (KM)

Dear Judge McNulty:

   Please accept this letter in lieu of a more formal submission as the Government's response to defendant Jesse Tullies's Second Motion for a New Trial ("Motion").  For the reasons set forth below, the Government respectfully submits that the Court should deny the Motion.

## I.   Procedural History and Factual Background

   On or about January 19, 2018, defendants Jesse Tullies ("Tullies") and Eugene Williams ("Williams") (collectively, "Defendants") were charged with:  (1) in Count One, conspiracy to distribute heroin, contrary to Title 21 United States Code, Sections 841(a)(1) and (b)(1)(C), in violation of Title 21, United States Code, Section 846; in (2) in Count Two, distribution of heroin, in violation of Title 21, United States Code, Section 841(a) and 841(b)(1)(C); and (3) in Count Three, distribution of crack cocaine, in violation of Title 21, United States Code, Section 841(a) and 841(b)(1)(C).  Tullies was additionally charged with:  (1) in Count Four, being a felon in possession of firearms, in violation of Title 18, United States Code, Section 922(g); and (2) in Count Six, with using and carrying firearms during and in relation to, and/or possessing firearms in furtherance of, drug trafficking crimes, in violation of Title 18, United States

Code, Section 924(c).[1]  On or about June 4, 2018, jury selection in this matter commenced, and on or about June 6, 2018, a bifurcated trial commenced.  In the first phase of the trial, the Government presented evidence of Defendants' guilt as to all seven Counts other than Defendants' status as convicted felons.  On or about June 7, 2018, the Government rested, and the defense moved for a judgment of acquittal.  That motion was denied.  (Tr. at 563:8-15).  The defense then rested the same day after calling five witnesses.  The Government did not present a rebuttal case.  On or about June 8, 2018, the jury returned guilty verdicts on Counts One, Two, Three, Six, and Seven, and answered in the affirmative several special interrogatories regarding Defendants' possession of firearms and whether the firearms traveled in and/or affected interstate commerce.  During the second phase of trial, two Stipulations of Fact were read to the jury as to Defendants' respective prior felony convictions, after which the Government rested.  The jury deliberated once more and returned guilty verdicts on Counts Four and Five against Defendants.

On or about June 15, 2018, Tullies filed a motion for a judgment of acquittal or, in the alternative, a new trial based on two grounds.  First, Tullies argued that there was insufficient evidence to support Tullies's conviction on all Counts.  Second, Tullies claimed that the verdict was against the weight of the evidence and that prosecutorial misconduct created an unfair trial.  On or about July 3, 2018, Williams filed a letter seeking to join Tullies's arguments for a judgment of acquittal and for a new trial.  On or about November 14, 2018, this Court denied Tullies's motions.  Since that date, both Defendants have requested, and been appointed, new counsel.

On or about July 26, 2019, Tullies, through new counsel, made a new Rule 33 motion, in light of the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. \_\_\_, 139 S. Ct. 2191 (2019).[2]  The Motion is premised on the ground that there was no jury finding or stipulation as to Tullies's knowledge that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.  In doing so, Tullies claims that the Government failed to prove an element of an offense in violation of 18 U.S.C. § 922(g)(1)—as

---

[1]     Williams was additionally charged with:  (1) in Count Five, being a felon in possession of firearms, in violation of Title 18, United States Code, Section 922(g); and (2) in Count Seven, with using and carrying firearms during and in relation to, and/or possessing firearms in furtherance of, drug trafficking crimes, in violation of Title 18, United States Code, Section 924(c).

[2]     Contrary to Tullies's assertion, the Government disagrees that the Supreme Court's June 2019 decision in *Rehaif* is "newly discovered evidence" for purposes of Rule 33(b)(1)'s three-year allowance to file.  Nonetheless, the Government is not opposing the Motion on timeliness grounds given Tullies's reasonably prompt filing following *Rehaif*.

charged in Count Four of the Indictment. Accordingly, the Government will treat the Motion as a limited motion for a new trial as to Count Four only.

## II. Legal Argument

### A. Legal Standard

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Even if the Court detects error, unless the error is of constitutional dimension, the Court can order a new trial "only if it believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *United States v. Silveus*, 542 F.3d 993, 1004-05 (3d Cir. 2008) (quoting *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002)).

Title 18, United States Code, Section 922(g)(1) criminalizes the possession of firearms by "any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." On or about June 21, 2019, the Supreme Court ruled for the first time in *Rehaif* that a defendant's knowledge that he "belonged to the relevant category of persons barred from possessing a firearm" is an element of a Section 922(g)(1) offense. 139 S. Ct. at 2200.

### B. *Plain Error Review Applies to the Court's Instructional Error*

Trial against Defendants took place almost exactly one year before the *Rehaif* decision was issued. Accordingly, the jury was not instructed that in order to find Defendants guilty of a violation of § 922(g)(1), it had to find that Defendants had knowledge of at least one prior felony conviction at the time they possessed firearms. On the contrary, the jury was instructed that "[i]t is not necessary that the government prove that Jesse Tullies or Eugene Williams knew that the prior crime was punishable by imprisonment for more than one year." (Tr. at 639:4-6). Any error, therefore, stemmed not from the sufficiency of evidence presented but from the instruction that knowledge of status was not an element of the offense charged in Counts Four and Five. However, Tullies did not object to such instruction both during the charge conference and when the instruction was given to the jury. (Tr. at 497:15-17, 639:4-8).

Federal Rule of Criminal Procedure 30(d) requires that "[a] party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." A party that has failed to object may not then seek post-trial or appellate review of the instructional error unless the error is plain. *See* Fed. R. Crim. P. 30(d), 52(b); *see also* 3B Fed.

Prac. & Proc. Crim § 851 (4th ed. 2013) (observing that Rule 52 "is relied on primarily by appellate courts, although the standards it sets out are controlling when a trial court is passing on a post-trial motion"). Tullies was required—and failed—to lodge a contemporaneous objection to the instruction error. As such, plain-error review applies.

That standard of review applies even when the error arises from intervening authority that was unavailable during trial. *See Henderson v. United States*, 568 U.S. 266, 272 (2011) ("Even where a new rule a law is at issue, Rule 52(b) does not give a court of appeals authority to overlook a failure to object unless an error not only 'affects substantial rights' but also 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993))).

Under the plain-error review standard, to correct "an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." *United States v. Johnson*, 302 F.3d 139, 153 (2002). Reversal—or in this case, a new trial—is warranted on plain-error review only when a defendant can "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal citations omitted).

The Government concedes that a plain error occurred at trial when the jury was instructed that the Government did not have to prove Defendants knew that they were previously convicted of at least one felony prior to possessing firearms on or about October 4, 2017. To correct that error and prevail on his Motion for a new trial, Tullies must show that the error affected his substantial rights, which he cannot do.

    C.    *Tullies Cannot Show Reasonable Probability of Acquittal Absent Error*

Despite the plain error, Tullies' request for a new trial must fail. Tullies has not demonstrated, and cannot demonstrate, prejudice to his substantial rights because he cannot show a reasonable probability of acquittal absent the error. Though the Stipulation of Fact as to Tullies's prior felony conviction did not specifically set forth his prior knowledge of such conviction, it still provided a basis on which the jury could have drawn the conclusion that he had such knowledge. Given the Court's instruction that the jury "should consider all the evidence presented in the trial, whether direct or circumstantial," (Tr. at 571:15-16), if the proper instruction was given, the jury was entitled to infer from the bare fact of the conviction itself that Tullies knew of the felony conviction also to find that the knowledge element was satisfied. *See, e.g., Liparota v. United States*, 471 U.S. 419, 434 (1985).

### III.     Conclusion

For the foregoing reasons, the Government respectfully submits that the Court should deny defendant Jesse Tullies's Second Motion for a New Trial to dismiss Count Four of the Indictment.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

By: _____
Elaine K. Lou
Assistant U.S. Attorney

cc:   Kathleen M. Theurer, Esq.. *Counsel for Defendant Jesse Tullies*